UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRACE INSTRUMENT INDUSTRIES, LLC,<br>    *Plaintiff,*<br><br>vs.<br><br>CHANDLER INSTRUMENTS COMPANY, LLC D/B/A CHANDLER ENGINEERING AND AMETEK, INC. D/B/A AMETEK CHANDLER ENGINEERING<br>    *Defendants.* | Civil Action No. 4:20-cv-1749<br><br>**JURY TRIAL DEMANDED** |

**GRACE INSTRUMENT INDUSTRIES LLC'S ORIGINAL
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Grace Instrument Industries, LLC ("Grace") brings this Original Complaint against Defendants Chandler Instruments Company, LLC d/b/a Chandler Engineering and Ametek, Inc. d/b/a Ametek Chandler Engineering (collectively "Defendants") for patent infringement. In support, Grace respectfully shows as follows:[1]

---

[1] Grace's allegations relating to itself are based on personal knowledge, while Grace's allegations relating to Defendants are made upon information and belief.

## I.   THE PARTIES

1. Grace is a Texas limited liability company with its principal place of business in Texas.

2. Defendant Chandler Instruments Company, LLC d/b/a Chandler Engineering ("Chandler") is a Texas limited liability company with a principal office located at 4903 W. Sam Houston Pkwy N., Houston, TX 77041.  Chandler may be served through its registered agent:  Corporation Service Company d/b/a CSC-Laywers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-4234.

3. Defendant Ametek, Inc. d/b/a Ametek Chandler Engineering ("Ametek") is a Delaware corporation with a principle office located at 4903 W. Sam Houston Pkwy N., Houston, TX 77041.  Ametek may be served through its registered agent: Corporations Service Company, 251 Little Falls Drive, Wilmington, DE, 19808.

## II.   JURISDICTION AND VENUE

4. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they conduct business in this district, the State of Texas, and in the United States.  This Court also has personal jurisdiction over Defendants because they have committed acts of patent infringement, induced acts of patent infringement by others, contributed to patent infringement by others, and/or advertised infringing products

in this district, the State of Texas, and in the United States.  Defendants are subject to the Court's general jurisdiction from regularly doing or soliciting business in this district and Texas, as well as deriving substantial revenue from goods and services provided to persons or entities in this district and Texas.

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Defendants have committed acts of infringement here and maintain a regular and established places of business in this division located at 4903 W. Sam Houston Pkwy N., Houston, TX 77041.  *See, e.g.,* Exhibit A.  Defendant Chandler is also a Texas limited liability company, which makes venue proper here.

### III.   THE PATENT-IN-SUIT AND STANDING

7. The United States Patent and Trademark Office duly and legally issued U.S. Patent No.  7,412,877 ("'877 Patent") after a full and fair examination, which is attached as Exhibit B and incorporated here by reference.   This patent was issued to inventor Hongfeng Bi, who assigned all rights, title, and interest in the '877 Patent to his company Grace before this lawsuit was filed.  *See* Exhibit C.

8. Grace is the owner of all rights of and to the '877 Patent and possesses all rights of recovery for past, present, and/or future infringement of the '877 Patent.

### IV.   DEFENDANTS' PATENT INFRINGEMENT

9. Grace incorporates the preceding paragraphs by reference.

10. The '877 Patent is valid and presumed valid under 35 U.S.C. § 282.  The '877 Patent is also enforceable.

11. Defendants infringe claims 1, 2, 4, 5, 7, 8, 9, 11, 12, 14, 15, 17, and 18 ("Asserted Claims") of Grace's '877 Patent by way of their tradename "Model 7600" Viscometer. Defendants' "Instruction Manual" and brochure for this product are enclosed as Exhibit D and incorporated here by reference. As shown in these materials, Defendants' Model 7600 Vicsometer comprises all the features of the Viscometer described in the Asserted Claims. Pursuant to the Federal Circuit's holding in *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. May 1, 2018), Grace asserts Defendants' Model 7600 Viscometer "meet[s] each and every element of at least one claim" of the '877 Patent either "literally or equivalently."

12. At all relevant times, Defendants have known about Grace's '877 Patent, including by way of Grace's marking of its commercial products that embody this patent.

13. Pursuant to 35 U.S.C. § 271(a), Defendants have directly infringed the Asserted Claims by its unauthorized manufacture, use, sale, importation, and/or offer for sale of their Model 7600 Viscometer and related services.

14. Additionally and/or alternatively, pursuant to 35 U.S.C. § 271(b) and (f), Defendants indirectly infringe the Asserted Claims by active inducement. Defendants have induced, caused, urged, encouraged, aided and abetted its direct and indirect customers to make, use, sell, offer for sale, and/or import the Model 7600 Viscometer, or caused to be supplied in or from the U.S. all or a substantial portion of the Model 7600 Viscometer. Defendants have done so by acts including but not

limited to selling and/or renting this product to their domestic and foreign customers; marketing this product to its customers and the public at large; and providing instructions, technical support, and other support and encouragement for this product. Such conduct by Defendants was intended to and actually resulted in direct infringement, including the making, using, selling, offering for sale, and/or importation of this product in the United States.

15. Additionally and/or alternatively, pursuant to 35 U.S.C. § 271(c) and (f), Defendants indirectly infringe by contributing to the infringement of, and continuing to contribute to the infringement of, the Asserted Claims by selling, offering for sale, and/or importing into or causing to be supplied from the United States, the Model 7600 Viscometer or components thereof. Defendants know that this product includes hardware components that work in concert to perform, specific intended infringing configurations and functions. Such specific configurations/functions are a material part of the invention of the '877 Patent and not staple articles of commerce suitable for substantial non-infringing use

16. Grace is entitled to a preliminary and permanent injunction to stop Defendants' infringing conduct. Grace has suffered an irrepable injury; there are no adequate remedies available at law to compensate for that injury; an equitable injunction is warranted after a balance of the hardships between Grace and Defendants; and the public interest would not be disserved by an injunction.

17. Defendants' acts of infringement have caused and will continue to cause Grace damage. Defendants are liable to Grace in an amount that adequately

compensates Grace for Defendants' infringement, which can be no less than a reasonable royalty together with interest and costs pursuant to 35 U.S.C. § 284.

18. Defendants' infringement of the '877 Patent has been willful pursuant to 35 U.S.C. § 284, entitling Grace to enhanced damages. During all relevant time periods, Defendants had knowledge of Grace's '877 Patent and chose to commit egregious acts of infringement despite this knowledge.

19. This is an exceptional case pursuant to 35 U.S.C. § 285, entitling Grace to its attorneys' fees and other litigation costs.

## V.   JURY DEMAND

20. Pursuant to Fed. R. Civ. P. 38, Grace demands a jury trial of all issues so triable.

## VI.   PRAYER FOR RELIEF

21. WHEREFORE, Grace prays for the following relief from the Court and Jury:

a. That the '877 Patent be adjudged infringed by Defendants under all applicable provisions of Title 35, United States Code;

b. That Defendants, their officers, directors, employees, agents, and all those acting in concert with Defendants be preliminarily and permanently enjoined from all future activities infringing the '877 Patent and/or inducing or contributing to the infringement of the '877 Patent by others;

    c.    That Defendants be required to prepare and deliver to the Court a complete list of entities to whom Defendants have sold or offered for sale any product that infringes the '877 Patent;

    d.    That Defendants be ordered to account to Grace for all sales, revenues, and profits derived from its infringement of the '877 Patent, pursuant to all applicable provisions of Title 35, United States Code;

    e.    That this Court hold Defendants liable for their infringement and award Grace its actual and compensatory damages, costs, expenses, and fees resulting from Defendants' infringing activities, as provided by 35 U.S.C. § 284;

    f.    That this Court award Grace prejudgment interest, post judgment interest, and costs of Court;

    g.    That this Court order that damages so found or assessed be enhanced or trebled as a result of Defendants' willful, deliberate, wanton, and/or reckless infringement, as provided by 35 U.S.C. § 284;

    h.    That this Court order that, because this is an exceptional case, Grace be awarded its reasonable and necessary attorneys' fees and other litigation costs incurred in connection with this action, as provided for by 35 U.S.C. § 285; and

    i.    That Grace be awarded such other and further relief as may be just and appropriate.

*- Signature on the Following Page -*

Date: May 19, 2020                    Respectfully submitted,

**RALEY & BOWICK, LLP**

*/s/Bradford T. Laney*
Bradford T. Laney
1800 Augusta Drive, Suite 300
Houston, TX 77057
713-429-8050 (telephone)
713-429-8045 (facsimile)
Email: blaney@raleybowick.com

**ATTORNEY FOR PLAINTIFF GRACE INSTRUMENT INDUSTRIES, LLC**