United States District Court
Southern District of Texas
**ENTERED**
April 14, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRACE INSTRUMENT INDUSTRIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1749 |
| | § | |
| CHANDLER INSTRUMENTS COMPANY, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

# ORDER

Pending before the Court are Chandler Instruments Company, LLC's ("Chandler" or the "Defendant") Motion for Summary Judgment (Doc. No. 21), to which Grace Instrument Industries, LLC ("Grace" or the "Plaintiff") has responded (Doc. No. 35) and filed a supplement to its response (Doc. No. 43), Chandler has filed a reply (Doc. No. 46), and Grace has filed a surreply (Doc. No. 48) and Chandler's Motion to Stay (Doc. No. 25), to which Grace has responded (Doc. No. 30), and Chandler has replied (Doc. No. 45). After considering the motions, briefing, summary judgment evidence, and appliable law, the Court denies the motion to stay and denies the motion for summary judgment without prejudice.

## I.   Background

This is a patent infringement case. According to Grace's complaint, it is the patentholder of U.S. Patent No. 7,412,877 (the "'877 Patent"), which is a viscometer—a device used by oil and gas drillers to test the viscosity of drilling fluid in a lab setting before it is used downhole.[1] Grace filed its patent application on October 24, 2005. Chandler markets and sell a viscometer with the tradename Model 7600 Rheometer (the "Model 7600"), which allegedly infringes the '877 Patent.

---

[1] The inventor of the '877 Patent is Hongfeng "Frank" Bi, who is the owner of Grace and who assigned all of his rights, title, and interest in the '877 Patent to Grace prior to this lawsuit.

Chandler has sold the Model 7600 for at least 15 years, but Grace claims that a 2016 revision of the product, "Revision N" added an "enlarged chamber" which has caused the Model 7600 to now infringe upon the '877 Patent. Chandler has raised the affirmative defense of patent invalidity claiming that the '877 Patent is invalid—and should not have been issued in the first place—because Chandler had already created and sold the Model 7600 to Baker Hughes, an energy technology company, more than one year before Grace applied for the '877 Patent.

Grace argues that Chandler cannot meet its burden for the affirmative defense because the version of the Model 7600 that Chandler certainly sold to Baker Hughes before October 24, 2004, "Revision A," did not include the enlarged-chamber element of the '877 Patent, and because another version of the Model 7600 that Chandler claims it sold to Baker Hughes before October 24, 2004, "Revision 1," that does include the enlarged chamber was not actually sold at all, or was actually sold after October 24, 2004.

## II. Analysis

### A. Motion for Summary Judgment

#### 1. Legal Standard

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321–25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec.*

2

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When the defendant moves for summary judgment on an affirmative defense, the defendant must establish each element of the defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir. 1994). Once the defendant carries this burden, the plaintiff then must produce competent summary judgment evidence demonstrating a genuine issue of material fact on at least one element of the defendant's defense. *Kansa Reinsurance Co. v. Congressional Mtg. Corp.*, 20 F.3d 1362, 1371 (5th Cir. 1994).

A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

2. **Applicable Law**

An alleged infringer of a patent may raise the affirmative defense of patent invalidity, which must be proved by clear and convincing evidence. *Microsoft Corp. v. I4I Ltd. P'ship*, 564 U.S. 91, 95 (2011). The America Invents Act (AIA) precludes a person from obtaining a patent that was "patented, described in a printed publication, or in public use, *on sale*, or otherwise available to the public before the effective filing date of the claimed invention." 35 U.S.C. § 102(a)(1) (emphasis added). In addition, the parties here agree that the statute in effect at the time that Grace filed for the '877 Patent provided that any sales that occurred within the preceding year of filing for the patent do not preclude the issuance of the patent.[2] (*See* Doc. No. 21 at 10 [citing

---

[2] Currently, only sales and other disclosures made *by the patent's inventor* within one year or less before the filing date are excepted from the on-sale bar. *See* 35 U.S.C. § 102(b)(1).

"pre-AIA"]); *see also Helsinn Healthcare S.A. v. Teva Pharm. USA, Inc.*, 139 S. Ct. 628, 631–32 (2019) (explaining the differences made to the patent statute in 2011 when Congress passed the AIA). The date one year before the date of filing is referred to as the "critical date" of the patent. *See Pfaff v. Wells Elecs., Inc.*, 525 U.S. 55, 57 (1998).

The on-sale bar applies when two conditions are met. "First, the product must be the subject of a commercial offer for sale." *Helsinn Healthcare*, 139 S. Ct. at 633 (quoting *Pfaff*, 525 U.S. at 67 (1998). "Second, the invention must be ready for patenting," which can by shown by proof of "reduction to practice" or "drawings or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention." *Id.*

In order to trigger the on-sale bar, the invention for sale must "be something within the scope of the claim." *Scaltech Inc. v. Retec/Tetra, L.L.C.*, 178 F.3d 1378, 1383 (Fed. Cir. 1999). "Hence, the first determination in the [on-sale bar] analysis must be whether the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention." *Id.*

### 3. Application of Law

Chandler argues that it has conclusively proved the elements of its patent invalidity affirmative defense under the theory of the on-sale bar and that it is therefore entitled to summary judgment on Grace's claim of patent infringement.

First, Chandler argues that the Revision A model of the Model 7600, which Grace agrees was sold to Baker Hughes before October 24, 2004, makes the '877 Patent invalid because it was nearly identical to the current Model 7600 (the Revision N), which is the accused device. According to Chandler, Grace has conceded that the Revision N is identical to the '877 Patent by accusing it of infringement. It further claims that the Revision A is identical to Revision N in all

material respects, and therefore the Revision A, having been on sale before Grace filed its patent application, invalidates the '877 Patent.

Grace responds that the reason Revision N infringes the '877 Patent and Revision A did not is because Revision N has an enlarged chamber that Revision A lacked. Grace claims that the '877 Patent is so valuable because it eliminates the problem of having a combination of drilling fluid and pressurization fluid inside the viscometer test chamber because its test chamber is "enlarged." Grace provides evidence that Revision A did not have an enlarged chamber, so it did not embody that claim element of the '877 Patent. Claims 1 and 4 of the '877 Patent describe the "enlarged chamber" feature as follows:

> Claim 1(b): an enlarged chamber with reduced openings positioned between the at least one top section and the at least one bottom section for communicating pressure with said top section and said lower section within said pressure vessel . . .
>
> Claim 4(e): an enlarged chamber with reduced openings positioned between the at least one top section and the at least one bottom section for communicating pressure located above said bob . . .

(Doc. No. 1, Ex. 3 ['877 Patent]). According to Grace, "Chandler's Revision A design had a 9.2 ml intermediate chamber, which was nowhere close to big enough to fill the more or less 21 ml void created in the testing chamber due to pressurization." (Doc. No. 35 at 17–18).

Chandler responds that, taking Grace's infringement allegation as true, Claims 1 and 4 in the '877 Patent are written such that they would include the chambers in the '877 Patent, the Revision N model, and the Revision A model. Moreover, Chandler contends that Grace's contention otherwise is an impermissible attempt to limit the construction of Claims 1 and 4 when Grace has already asserted that the term "enlarged chamber" should be given its plain and ordinary meaning at the claim-construction phase.

5

The entirety[3] of this dispute hinges on whether the Revision A had an enlarged chamber within the meaning of the '877 Patent, so the Court cannot rule on this issue without having construed the claims within the '877 Patent. Consequently, the Court denies the motion for summary judgment without prejudice—Chandler may refile the motion after claim construction has taken place.[4]

**B.     Motion to Stay**

Chandler has also moved the Court to stay the case pending the resolution of its motion for summary judgment. The Court has ruled that claim construction is necessary to resolve the motion for summary judgment, so the motion to stay is denied.

### III.     Conclusion

For the foregoing reasons, Chandler's motion for summary judgment (Doc. No. 21) is DENIED WITHOUT PREJUDICE, and Chandler's motion to stay (Doc. No. 25) is DENIED.

Signed at Houston, Texas, this 14th day of April, 2021.

Andrew S. Hanen
United States District Judge

---

[3] The Court acknowledges that there are other issues over which the parties dispute, namely, whether and when the Revision 1 model was ever sold to Baker Hughes. This dispute is ancillary to the dispute over whether the Revision A had an enlarged chamber because if it did, any claims concerning the Revision 1 are irrelevant. Moreover, there are disputed issues of material fact concerning Revision 1's provenance and history.

[4] Grace may also re-urge any of its evidentiary objections at that point as well.