# Morgan Lewis

**Jason White**
Partner
+1.312.324.1775
jason.white@morganlewis.com

March 17, 2025

**VIA ELECTRONIC MAIL**

Honorable Judge Andrew S. Hanen
United States District Court Judge
515 Rusk Street, Room 9110
Houston, TX 77002

Re:    *Grace Instrument Indus., LLC v. Chandler Instrument Co., LLC et al.,* No. 4:20-cv-01749

Dear Judge Hanen:

Defendant Chandler Instrument Co., LLC ("Chandler") requests for this Court to delay entering a docket control order until this Court has had the opportunity to rule on Chandler's forthcoming motion for summary judgment of indefiniteness.  Chandler has worked diligently with Grace to accomplish the tasks that Grace required to be completed before Chandler could move forward with its motion for summary judgment based on indefiniteness.  Now that those tasks have been completed, Chandler will be filing its motion.

At the hearing last April, Grace insisted that it be able to take the three depositions it had requested before the parties dug into the motion for summary judgment.  Ex. A. at 33:15-19.  Despite, Chandler's request to file its motion for summary judgment in parallel with Grace's depositions, this Court asked that Chandler hold off until after the depositions were taken.  *Id*. at 35:16-24; 37:21-38:5.

Following the hearing, Grace and Chandler began conferring on dates for the three depositions. Chandler immediately offered dates for Mr. Moon, identified witnesses for Grace's 30(b)(6) topics, and began working on supplementing its document production and written discovery in light of the Court's order.  Over the next few months, Chandler produced documents, supplemented its written discovery responses, and continued to provide dates for the parties depositions.[1]  Grace also sought and obtained discovery from some of Chandler's customers.  As a result of scheduling issues between the parties, witness availability (including accommodating time for Mr. Moon to recover from surgery), and Grace's insistence that Mr. Moon's deposition occur before Mr. Macleod's, the depositions did not go forward until mid to late December.

Mr. Macleod's deposition was completed on December 20, 2024.  In the weeks immediately following Mr. Macleod's deposition, Chandler's lead counsel, Jason White had back-to-back trials

---

[1] Grace fails to mention that it was not willing to take the depositions of Chandler's witnesses until Chandler provided sufficient discovery with respect to the Model 7550.

**Morgan, Lewis & Bockius LLP**

110 North Wacker Drive
Chicago, IL  60606-1511          ☏ +1.312.324.1000
United States                    ⊜ +1.312.324.1001

March 17, 2025
Page 2

for other matters and Ms. Story was on maternity leave. Ms. Story has only recently returned from maternity leave.

While Chandler does not agree that it has waived its right to assert its claim construction arguments with respect to "enlarged chamber" or "reduced openings,"[2] Chandler no longer believes construction of the term "reduced openings" is necessary. However, as noted by the Federal Circuit, and discussed by the parties and this Court multiple times, there is a question as to whether the Federal Circuit's construction of "enlarged chamber" renders the claim indefinite. *See* Dkt. 79 at 15-16.

Chandler plans to file its motion for summary judgment of indefiniteness by the end of the month. During the April hearing, this Court stated it would like to rule on the motion for summary judgment before it set a date for trial. Ex. A, 39:7-14. Because Chandler will file its motion for summary judgment by the end of the month, Chandler asks that this Court hold off on setting a trial date until after it has had an opportunity to consider and rule on Chandler's motion for summary judgment.

 Respectfully submitted,

*/s/ Jason C. White*

---

[2] Grace's case law on this point is off base, as the claim construction issues with respect to "enlarged chamber" and "reduced openings" did not arise until well after the parties completed claim construction. Further, if there is a "fundamental dispute regarding the scope of a claim term, it is the court's duty to resolve it." *See O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd.*, 521 F.3d 1351, 1362 (Fed. Cir. 2008).