United States District Court
Southern District of Texas
**ENTERED**
March 27, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GRACE INSTRUMENT INDUSTRIES, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-1749 |
| | § | |
| CHANDLER INSTRUMENTS COMPANY, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Pending before the Court is Grace Instrument Industries, LLC ("Grace" or the "Plaintiff") Motion to Dismiss Chandler Instruments Company, LLC's ("Chandler" or the "Defendant") defenses. (Doc. No. 171). Chandler responded, (Doc. No. 173), Grace replied, (Doc. No. 174), and Chandler filed a sur-reply. (Doc. No. 175). After considering the motions and appliable law, the Court DENIES Grace Instruments' Motion to Dismiss. (Doc. No. 171).

**I.     Background**

This is a patent infringement case. According to Grace's complaint, it is the patentholder of United States Patent No. 7,412,877 (the "'877 Patent"), which is a viscometer—a device used by oil and gas drillers to test the viscosity of drilling fluid in a lab setting before it is used downhole.[1] Grace filed its patent application on October 24, 2005. Chandler markets and sell a viscometer with the tradename Model 7600 Rheometer (the "Model 7600"), which allegedly infringes the '877 Patent. Chandler has sold the Model 7600 for at least 15 years, but Grace claims that a 2016 revision of the product, "Revision N," added an "enlarged chamber" which has caused the Model 7600 to now infringe upon the '877 Patent. Chandler also had a Model 7550—a similar

---

[1] The inventor of the '877 Patent is Hongfeng "Frank" Bi, who is the owner of Grace and who assigned all of his rights, title, and interest in the '877 Patent to Grace prior to this lawsuit.

viscometer that Grace also accuses of infringing the '877 Patent. The technical background of this case has been elucidated at some length in several past orders from this Court, and from the Federal Circuit as well. *See, e.g.*, (Doc. Nos. 75, 79). As such, the Court will limit that description here.

After almost three years of litigation, Grace Instruments filed a First Amended Complaint against Defendants Chandler Instruments and Ametek Inc. (Doc. No. 151). In response, Chandler filed its Second Amended Answer. (Doc. No. 166). In the Second Amended Answer, Chandler pleads various specific denials and, importantly, a general denial under Rule 8(b)(3). (Doc. No. 166 at 4). In addition, Chandler makes seven specific defenses: (1) non-infringement; (2) invalidity; (3) no willfulness; (4) no damages; (5) no exceptional case; (6) no injunctive relief; (7) doctrine of equivalents and prosecution history estoppel; and (8) "any additional defenses or counterclaims that discovery may reveal." (Doc. No. 166 at 4–10).

In response, Grace filed a Rule 12(b)(6) and Rule 12(c) Motion to Dismiss Chandler's Defenses. (Doc. No. 171). In its motion, Grace argues that Chandler's defenses, both affirmative and otherwise, should be dismissed because they fail to satisfy the *Twombly/Iqbal* plausibility pleading standard. (*Id.* at 1). Additionally, Grace argues that numerous allegations in its First Amended Complaint were not specifically denied and, thus, should be deemed admitted. *See, e.g.*, (*Id.* at 8). Therefore, based on Chandler's failure to provide factual support for its defenses, and its failure to specifically deny certain allegations made in Grace's First Amended Complaint, Grace moves to dismiss each of Chandler's stated defenses.

In response, Chandler disputes the appropriate standard to be applied to its defenses. Rather than the plausibility pleading standards that apply to affirmative claims and counterclaims, Chandler argues that defenses are subject to the Rule 12(f) motion to strike standard—a notably lower bar. (Doc. No. 173 at 2–3). Further, Chandler points out that it made a general denial in the

2

Second Amended Answer which prevents the Court from construing the lack of a specific denial of certain pleadings as an acceptance or concession by Chandler. (*Id.* at 10).

## II.  Legal Standard

Federal Rule of Civil Procedure 12(f) states that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." *Naqvi v. Vanazara*, No. 4:19-CV-1151, 2019 WL 3819252, at *1 (S.D. Tex. Aug. 14, 2019). "Although motions to strike a defense are generally disfavored, a Rule 12(f) motion to dismiss is proper when the defense is insufficient as a matter of law." *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982).

That said, "[m]otions to strike defenses are generally disfavored and rarely granted." *Solis v. Bruister*, 2012 WL 776028, at *7 (S.D. Miss. Mar. 8, 2012) (citation omitted). Such relief is warranted only when the defense "cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013). Further, "if there is a question of law or fact regarding a particular defense, a court must deny a motion to strike." *Bertoniere v. First Mark Homes, Inc.*, 2010 WL 729931, at *1 (S.D. Miss. Feb. 25, 2010) (citations omitted).

## III.  Analysis

The Court finds that Rule 12(f) is the proper standard to apply to Chandler's defenses and denials. As such, the Court finds that Chandler's defenses are adequately stated under Rule 8(b) and 8(c) and, thus, Grace's Motion to Dismiss is **DENIED**.

While the Fifth Circuit has not explicitly ruled on the matter, courts within this circuit have recognized the different approaches taken by other courts and consistently held that Rule 12(f) is

3

the appropriate standard for defenses.[2] Following the lead of other courts within this circuit, this Court's analysis will start with the text of Rule 8 and its subparts. Rule 8(a) governs claims for relief and provides that such pleadings must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The "showing" required under Rule 8(a), however, is not found in the rules governing defenses. Specifically, Rule 8(b)(1) provides, "a party must . . . state in short and plain terms its defenses to each claim asserted against it;" and 8(c)(1) provides says "a party must affirmatively state any avoidance or affirmative defense." *Blount v. Johnson Controls, Inc.*, 328 F.R.D. 146, 149 (S.D. Miss. 2018).

The Court finds that this analysis is well within the analytical framework that the Fifth Circuit has modeled. *See, e.g.*, *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) ("A defendant must plead with 'enough specificity or factual particularity to give the plaintiff fair notice of the defense that is being advanced.'") (quoting *Rogers v. McDorman*, 521 F.3d 381, 385–86 (5th Cir. 2008)); *see also* 5C Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1381 n.10 (3d ed. 2024) ("Technically, affirmative defenses are subject to being stricken under Rule 12(f), not dismissed under Rule 12(b)(6).").

This analysis is also confirmed by the equitable concerns underlying the structure of the federal rules including, among others:

> (1) textual differences between Rule 8(a), which requires that a plaintiff asserting a claim *show* entitlement to relief and Rule 8(c), which requires only that a defendant *state* any defenses; (2) a diminished concern that plaintiffs receive notice in light of their ability to obtain more information during discovery; (3) the absence of a concern that the defense is

---

[2]   *See Ntuk v. Taylor Smith Consulting, LLC*, 2018 WL 1427198, at *5 (S.D. Tex. Mar. 22, 2018) (noting split but applying fair-notice standard); *accord Hill Country Bakery, LLC v. Honest Kitchens Grp., LLC*, 2017 WL 9362706, at *5 (W.D. Tex. Dec. 11, 2017); *Sprint Solutions, Inc. v. Precise Wireless Intern, Inc.*, 2015 WL 2359519, at *2 (S.D. Tex. May 15, 2015); *Republic Title of Tex., Inc. v. First Republic Title, LLC*, 2015 WL 1914635, at *1 (N.D. Tex. Apr. 27, 2015); *Certain Underwriters at Lloyd's Subscribing to Policy no. TCN034699 v. Bell*, 2014 WL 4546046, at *2 (S.D. Miss. Sept. 11, 2014); *U.S. ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418 (S.D. Tex. Sept. 3, 2014) (Costa, J.); *Deaf Interpreter Servs., Inc. v. Webbco Enters., LLC*, 2014 WL 12489609, at *2 (W.D. Tex. June 30, 2014); *Rodriguez v. Physician Lab. Servs., LLC*, 2014 WL 847126, at *2 (S.D. Tex. Mar. 4, 2014).

unlocking the doors of discovery; (4) the limited discovery costs, in relation to costs imposed on a defendant, since it is unlikely that either side will pursue discovery on frivolous defenses; (5) the unfairness of holding the defendant to the same pleading standard as the plaintiff, when the defendant has only a limited time to respond after service of the complaint, while plaintiff has until the expiration of the statute of limitations; (6) the low likelihood that motions to strike affirmative defenses would expedite the litigation, given that leave to amend is routinely granted; the risk that a defendant will waive a defense at trial by failing to plead it at the early stage of the litigation; (8) the lack of detail in Form 30, which demonstrates the appropriate pleading of an affirmative defense; and (9) the fact that a heightened pleading requirement would produce more motions to strike, which are disfavored.

*Deniece Design, LLC v. Braun*, 953 F. Supp. 2d 765, 775–76 (S.D. Tex. 2013).[3] This Court finds this reasoning persuasive and holds that *Twombly* and *Iqbal* do not apply to the pleading of denials and the defenses alleged in this context.

The Court finds that Grace Instruments' motion to dismiss fails to state the accurate analytical framework, fails to acknowledge the fact that Chandler's Second Amended Answer included a general denial, and fails to present sufficient evidence for the Court to conclude that most of Chandler's defenses "cannot, as a matter of law, succeed under any circumstance." *See Renda*, 709 F.3d at 479.

Looking to the specific defense that Grace challenges, the first defense at issue is non-infringement. Grace argues that Chandler has failed to adequately plead any factual basis for its non-infringement defense against the Model 7550 Product. (Doc. No. 171 at 8). Further, Grace argues that because Chandler did not specifically deny infringement of claims one and two of the '877 Patent, Chandler should be deemed to have admitted the infringement of those claims.

---

[3] This analysis is in line with the overwhelming pattern of analysis through the courts in this district. *See, e.g., MetroPCS v. Fiesta Cell Phone & Dish Network, Inc.*, 2017 WL 1956739, at *1–2 (S.D. Tex. May 11, 2017) (applying the fair notice pleading standard to affirmative defenses); *Starrotor Corp. v. Yasa Ltd.*, 2019 WL 2524931, at *1 (S.D. Tex. Apr. 2, 2019) (stating "affirmative defenses are not subject to being stricken on the basis that they do not meet the plausibility pleading standards of *Iqbal* and *Twombly*"); *see Florida v. DLT 3 Girls, Inc.*, 2012 WL 1565533, at *2 (S.D. Tex. May 2, 2012) (noting that there are at least "three compelling reasons" for applying the fair notice standard); *U.S. ex rel Parikh v. Citizens Med. Center*, 302 F.R.D. 416, 418–19 (S.D. 2014) (concluding the fair notice standard applies to affirmative defenses and declining to follow *U.S. v. Brink*, No. C-10-243, 2011 WL 835828 (S.D. Tex. Mar. 4, 2011)).

5

As stated above, Chandler need not plead specific factual support for its non-infringement defense. Nevertheless, Chandler *did* plead factual support. Specifically, the Second Amended Answer states:

> As shown in Dkt. 88-2 . . . Grace claims that the Model 7550 "has essentially the same internal design of the pressure vessel as the Revision N of design of the Model 7600." As Chandler explained in its opposition to Grace's motion to compel, the Model 7550 does not have "reduced openings." Dkt. 145 at 4. The Model 7550 Viscometer fails to satisfy the requirement of claims 1 and 4 of comprising "an enlarged chamber with reduced openings positioned between the at least one top section and the at least one bottom section."

(Doc. No. 166 at 5). As such, the Court finds that Chandler has adequately noticed Grace of its defense of non-infringement for the Model 7550.

Likewise, Grace argues that Chandler cannot plead non-infringement of the Model 7600 because its corporate representative conceded infringement. This argument fails because the appropriate standard merely asks whether Chandler "cannot, as a matter of law, succeed under any circumstance." *See Renda*, 709 F.3d at 479. Grace relies on facts outside of the record—testimony from depositions taken prior to the First Amended Complaint and Second Amended Answer—to make legal conclusions. The issue, however, is that Chandler disputes Grace's characterization of the facts, which plainly renders striking the defenses under Rule 12(f) improper. Thus, the Court finds that Chandler has properly pleaded its non-infringement defenses.

Grace challenges Chandler's invalidity defense as conclusory. (Doc. No. 171 at 16). First, Chandler's pleadings explain why it contends the patent in question to be invalid with fourteen paragraphs of legal and factual explanation. (Doc. No. 166 at 5–7). Thus, regardless of the pleading standard Grace has stated its invalidity defense more than adequately.

Grace challenges the rest of Chandler's listed defenses as contradictory to the evidence and requiring dismissal. Several of Chandler's "defenses" are, in reality, not affirmative defenses but mere reiterations of its denial of Grace's claims. (Doc. No. 166 at 8). Chandler's "defenses" of no

6

willfulness, no damages, no exceptional case status under 35 U.S.C. § 285, and no injunctive relief are merely additional denials of Grace's claims. Thus, they need not be dismissed. The Court does find that the section stating, "any additional defenses that discovery may reveal," is effectively a legal nullity. The Court need not strike this section, but the Court warns both parties that this language does not serve and will not serve to add any defenses not already specifically pleaded.

Finally, Chandler's pleading concerning its prosecution history estoppel defense to Plaintiff's equivalence claim does seem to lack even minimal factual basis. Under Chandler's "Seventh Defense (Doctrine of Equivalents and Prosecution History Estoppel," Chandler states only that "Plaintiff's claims are barred under the doctrine of prosecution history estoppel from asserting any scope of the '877 Patent that would cover the accused products because of statements and amendments made during prosecution of the application that led to the '877 Patent." (Doc. No. 166 at 8). While this fails to provide notice to Grace about exactly what aspects of the prosecution bar its arguments, the Court does find this to be sufficient to place Grace on notice of Chandler's defense, and that it provides enough context about the defense to survive a Rule 12(f) motion. The specifics of this defense can be fleshed out during discovery.

## IV.     Conclusion

Based on the foregoing analysis, and with the qualifications noted above, under the appropriate pleading standard, Chandler Instruments' Second Amended Answer is sufficient, and Grace Instruments' Motion to Dismiss is therefore **DENIED**. (Doc. No. 171).

Signed this 26th day of March, 2025.

Andrew S. Hanen
United States District Judge

7