# UNITED STATES DISTRICT COURT
for the

Southern District of Texas

| | |
|---|---|
| Grace Instrument Industries, LLC, | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 4:20-cv-1749 |
| Chandler Instruments Company, LLC, et. al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Halliburton Company, c/o Capitol Corporate Services, Inc., 1501 S. Mopac Expy Suite 220, Austin, TX 78746

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see Exhibit A attached hereto for document requests.

| Place: Electronically to Brad@bl.law or at Bowick & Laney, PLLC 1512 Center St., Suite 430, Houston, TX 77007 | Date and Time: 08/28/2026 2:03 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/27/2026

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Bradford T. Laney |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Grace Instrument Industries, LLC , who issues or requests this subpoena, are:

Bradford T. Laney, Bowick & Laney, PLLC, Brad@bl.law, 1512 Center St., Suite 430, Houston, TX 77007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 4:20-cv-1749

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civil. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
        **(i)** is a party or a party's officer; or
        **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        **(i)** fails to allow a reasonable time to comply;
        **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
        **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        **(i)** expressly make the claim; and
        **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Exhibit A – Document Requests

## I.    Definitions

1.    "Viscometer" is a device designed to measure the viscosity of fluids used in the oil and gas industry.

2.    "Time Period" means May 19, 2014 to October 24, 2025.

3.    "You" or "Your" means the entity to which this subpoena was sent and includes its officers, directors, partners, associates, employees, staff members, agents, representatives, attorneys, consultants, subsidiaries foreign or domestic, parents, affiliates, divisions, successors, predecessors, and any others acting on behalf of You or under Your direction and control, and any and all assets or entities that have been acquired by You or to which You have succeeded to rights or obligations.

4.    "Affiliated Entity" means an entity that is related to You (whether directly or indirectly) through common ownership or control.

## II.    Document Requests

1.    For Viscometers capable of reaching pressures of 30,000 psi or higher that were offered for sale during the Time Period, please produce the following documents:

    a.    Documents sufficient to identify the tradename, maximum operating pressure, and maximum operating temperature of said device;

    b.    Documents sufficient to identify the number of units sold during the Time Period and what calendar year the units were sold;

    c.    Documents sufficient to identify whether the unit was sold to an Affiliated Entity of You and the name of the affiliated company;

d. Documents sufficient to identify any competitors which tried to make the same sale as Your Viscometer sale and which sale they tried to make;

e. Documents sufficient to identify who You sold the device to; and

f. If Your sales were subject to agreements that prohibited or hindered the consideration of other competitors for said sales, please produce documents sufficient to identify that fact.

2. For any documents produced, please also produce a filled-out business record affidavit. An example of such an affidavit is enclosed as Exhibit B.

Please note there is a Protective Order in this case, which allows you to produce information in a manner to protect its disclosure. A copy of said Protective Order is enclosed as Exhibit C.

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GRACE INSTRUMENT INDUSTRIES, LLC,<br>    *Plaintiff,*<br><br>vs.<br><br>CHANDLER INSTRUMENTS COMPANY, LLC D/B/A CHANDLER ENGINEERING AND AMETEK, INC. D/B/A AMETEK CHANDLER ENGINEERING<br>    *Defendants.* | Civil Action No. 4:20-cv-1749<br><br>**JURY TRIAL DEMANDED** |

**AFFIDAVIT OF CUSTODIAN OF RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 803(6)**

STATE OF [STATE]
COUNTY OF [COUNTY]

I, [DECLARANT'S FULL NAME], being first duly sworn, depose and state under penalty of perjury as follows:

1. My name is [DECLARANT'S FULL NAME]. I am over the age of 18, competent to make this affidavit, and personally acquainted with the facts stated herein.

2. I am the [INSERT TITLE, e.g., Custodian of Records / Director of HR] for [INSERT COMPANY/ORGANIZATION NAME] ("the Business"). In my capacity as [INSERT TITLE], I am an authorized custodian of the records of the Business and am familiar with its record-keeping systems and practices.

3. Attached hereto as Exhibit [INSERT EXHIBIT LETTER/NUMBER, e.g., A] are [INSERT DESCRIPTION OF RECORDS, e.g., true and correct copies of account statements / emails / invoices for John Doe] consisting of [INSERT NUMBER] pages, bearing Bates range [INSERT BATES NUMBERS, IF APPLICABLE, e.g., ABC0001-ABC0045].

4. I certify that these attached records satisfy the requirements of Federal Rule of Evidence 803(6)(A)–(C) in that:

a. They were made at or near the time of the occurrence of the matters set forth herein by—or from information transmitted by—a person with knowledge of those matters;

b. They were kept in the course of a regularly conducted business activity of the Business; and

c. Making these records was a regular practice of that business activity.

5. The attached records are exact, true, and correct duplicates of the original records maintained by the Business.

FURTHER AFFIANT SAYETH NAUGHT.


_____
[DECLARANT'S SIGNATURE]
[DECLARANT'S PRINTED NAME]
[DECLARANT'S TITLE]


## NOTARY ACKNOWLEDGMENT

Subscribed and sworn to before me on this _____ day of _____, 20_____, by [DECLARANT'S FULL NAME], who proved to me on the basis of satisfactory evidence to be the person who appeared before me.


_____
Notary Public, State of [STATE]
My Commission Expires: _____
(SEAL)

# EXHIBIT C

United States District Court
Southern District of Texas

**ENTERED**

October 06, 2020

David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| GRACE INSTRUMENT INDUSTRIES, LLC,<br>*Plaintiff,*<br><br>vs.<br><br>CHANDLER INSTRUMENTS COMPANY, LLC D/B/A CHANDLER ENGINEERING AND AMETEK, INC. D/B/A AMETEK CHANDLER ENGINEERING<br>*Defendants.* | Civil Action No. 4:20-cv-1749<br><br>**JURY TRIAL DEMANDED** |

## PROTECTIVE ORDER

1. **Proceedings and Information Governed**.

This Order ("Protective Order") is made under Rule 26(c) of the Federal Rules of Civil Procedure ("FED. R. CIV. P.").

This Protective Order applies to any document, information, or other tangible or intangible thing (collectively, "documents") furnished by a party to any other party, as well as documents furnished by non-parties who receive subpoenas in connection with this action, if and when the documents are designated by a party or non-party as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" in accordance with the terms of this Protective Order. This Protective Order also applies to copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information or data containing, reflecting, or disclosing all or parts of designated documents.

**2.** **Designation and Maintenance of Documents and Information.**

**A.** The "Confidential Information" designation means that the document contains trade secrets or commercial information not publicly known, which trade secrets or commercial information is of technical or commercial advantage to its possessor, in accordance with FED. R. CIV. P. 26(c)(1), or other information required by law or agreement to be kept confidential.

**B.** The "Highly Confidential Information-Outside Counsel Eyes Only" designation means that the document contains information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter.

**C.** "Confidential Information" and "Highly Confidential Information-Outside Counsel Eyes Only" does not include, and this Protective Order does not apply to, documents already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by an agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

**3.     Documents Produced in Discovery and Depositions.**

**A.     Documents and things produced** during the course of this litigation within the scope of paragraph 2(A) may be designated by the producing party as containing "Confidential Information" by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**

Documents and things produced during the course of this litigation within the scope of paragraph 2(B) above may be designated by the producing party as containing "Highly Confidential Information-Outside Counsel Eyes Only" by placing on each page and each thing a legend substantially as follows:

**HIGHLY CONFIDENTIAL INFORMATION-
OUTSIDE COUNSEL EYES ONLY**

**B.     Depositions**

(i)     For deposition testimony or exhibits to be entitled to protection under this Order, a party must designate the testimony and exhibits disclosed at a deposition as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition.

(ii)     If no such designation is made at the time of the deposition, any party has twenty-one (21) days after delivery by the court reporter of the transcript of the deposition session to designate, in writing to the other parties and to the court reporter, what portions of the transcript and which exhibits the party designates as

"Confidential Information" and "Highly Confidential Information-Outside Counsel Eyes Only."

(iii)    During the transcription and following twenty-one (21) day period after a deposition session, the transcript and exhibits must be treated as Highly Confidential Information-Outside Counsel Eyes Only, unless the disclosing party consents to less confidential treatment of the information.

(iv)    Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order.  It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Highly Confidential Information – Outside Counsel Eyes Only in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(v)    If no such designation is made at the deposition or within the twenty-one (21) day period following delivery of the transcript, then the entire deposition will be considered devoid of Confidential Information or Highly Confidential Information-Outside Counsel Eyes Only.

4.    **Inadvertent Production and Failure to Designate.**

A.    Pursuant to Federal Rule of Evidence 502(d), if document(s) subject to a claim of attorney-client privilege or work product privilege are inadvertently or unintentionally produced, such production shall not prejudice or otherwise constitute

a waiver or estoppel as to the claim of privilege, in this action or in any other federal or state proceeding or action. Any party that inadvertently produces materials protected by an applicable privilege, including but not limited to the attorney-client privilege or work product privilege, must promptly notify the recipient(s) of the inadvertently produced materials and, within five (5) business days of notification, provide a privilege log for the inadvertently produced materials. The recipient(s) shall gather and destroy all copies of the privileged material and certify as such to the producing party within ten (10) days of the date of the notification. Notwithstanding this agreement, outside litigation counsel of record are not required to delete information that may reside on their respective firm's electronic back-up systems that are overwritten in the normal course of business.

**B.**    The inadvertent failure to designate a document as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" will not be a waiver of a claim that the document contains confidential information, and will not prevent the producing party from designating such information as confidential at a later date in writing, so long as the designation is done with particularity.

**C.**    In the event a producing party late designates a document as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only," the document must be treated by the receiving party as confidential from the time of receipt of the notice of the "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" designation.

**5.    Challenges to Designations.**

A party's designation of documents "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" is not binding if the procedures below are followed:

A.    A receiving party may challenge a producing party's designation at any time.  Any receiving party may request in writing that the producing party change the designation.  The producing party within fifteen (15) business days after receipt of a written challenge, must advise the receiving party whether or not it will change the designation.

B.    If the parties are unable to reach agreement after the expiration of this fifteen (15) business day period, they shall confer.  If they cannot resolve the issue, the receiving party may seek an order to alter the confidential status of the designated information, however, the producing party bears the burden to show that the original designation was appropriate.

C.    Until the presiding judge has ruled on a dispute under this paragraph, the "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" designation will remain in full force and effect, and the document continues to be protected by this Protective Order.

**6.    Disclosure and Use of Confidential Information.**

A.    Information designated as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" may only be used for purposes of preparation, trial, and appeal of this action.  "Confidential Information" or "Highly

Confidential Information-Outside Counsel Eyes Only" may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

**B.** Subject to paragraph 9 below, "Confidential Information" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** two (2) employees or officers of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure; **(b)** two (2) in-house counsel who are identified by the receiving party; **(c)** outside counsel of record for the receiving party; **(d)** supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services; **(e)** experts or consultants; and **(f)** any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents. The individuals from the receiving party who may receive "Confidential Information" may be modified by agreement of the parties.

**C.** Subject to paragraph 9 below, "Highly Confidential Information-Outside Counsel Eyes Only" may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order: **(a)** outside counsel of record for the receiving party; **(b)** supporting

personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying services; **(c)** experts or consultants; **(d)** those individuals designated in paragraph 6(G)(c) below.

**D.**    Absent written consent from the Producing Party, any attorney or attorney's agents, including but not limited to paralegals, secretaries, and patent agents, representing or assisting in the representation of a Party, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated "Highly Confidential Information-Outside Counsel Eyes Only" who accesses, or otherwise learns, in whole or in part, the other Party's "Highly Confidential Information-Outside Counsel Eyes Only" under this Order shall not prepare, prosecute, or assist in the preparation or prosecution of any patent application on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one (1) year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to "Highly Confidential Information-Outside Counsel Eyes Only" and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application.  Nothing in this section shall be construed as preventing any attorney from challenging the validity or enforceability of any patent, including without limitation in proceedings in this Court or *inter partes* review, covered business method review, reexamination, or reissue proceedings in the United States

or any foreign patent offices. Additionally, nothing in this section shall be construed as preventing a person who has reviewed "Highly Confidential Information-Outside Counsel Eyes Only" material of another Party from participating in any *inter partes* review, covered business method review, interference, reissue, reexamination or other proceeding involving any patent (including the patent(s) asserted in this Action) in the United States or any foreign patent offices, provided that the person does not participate in the drafting or amending of claims. Nothing in this section shall be construed as preventing any attorney from advising his or her client about the content and applicability of prior art cited to or by the Patent Office during *inter partes* review, covered business method review, or reexamination proceedings, so long as counsel is not advising his or her client on amendments to the claims. The term "attorney" as used in this paragraph shall refer to an individual attorney. The term "attorney's agents" as used in this paragraph shall refer to individuals including, but not limited to, individual paralegals, secretaries, and patent agents. In no case shall a restriction upon any "attorney" or "attorney agent" be imputed to the attorney's or attorney agent's law firm or organization, including the law firm or organization's other partners, associates, patent agents or other individuals.

E.     Further, prior to disclosing "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or

consultant's business affiliation, any patents issued or applied for, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may apply to the presiding judge to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

F. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

G. "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" may be disclosed to a person who is not already allowed access to such information under this Protective Order *if*: **(a)** the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6); **(b)** the person is a director, officer, employee, consultant or agent of the designating party; or **(c)** counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this section 6(G), only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential Information.

Disclosure of material pursuant to this section 6(G) does not constitute a waiver of the confidential status of the material so disclosed.

7.    **Non-Party Information.**

The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony.  Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

8.    **Filing Documents With the Court.**

A party may submit Confidential Information to the court under seal by designating the document "sealed" in the CM/ECF system of the court or may deliver the document for filing by the Clerk's Office.  If a party delivers a copy to the court, the document must be in a sealed envelope bearing the caption of this action and a label containing the following:

## CONFIDENTIAL INFORMATION

### [case caption]

**This envelope, which is being filed under seal, contains documents that are subject to a Protective Order governing the use of confidential discovery material.**

9. **No Prejudice.**

Producing or receiving "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only," or otherwise complying with the terms of this Protective Order, will ***not***: **(a)** operate as an admission by any party that any particular "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" contains or reflects trade secrets or any other type of confidential or proprietary information; **(b)** prejudice the rights of a party to object to the production of information **or** material that the party does not consider to be within the scope of discovery; **(c)** prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; **(d)** prejudice the rights of a party to apply to the presiding judge for further protective orders; or **(e)** prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

10. **Conclusion of Litigation.**

Within sixty (60) days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this

Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only," and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

## 11. Other Proceedings.

By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 12. Remedies.

It is **ORDERED** that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(a) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this

Protective Order in contempt.  All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

## 13.    Relief from Protective Order.

Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed at Houston, Texas, this 6ᵗʰ day of October, 2020.

The Honorable Judge Presiding
United States District Judge

## Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

GRACE INSTRUMENT
INDUSTRIES, LLC,
    *Plaintiff,*

vs.

CHANDLER INSTRUMENTS
COMPANY, LLC D/B/A CHANDLER
ENGINEERING AND AMETEK, INC.
D/B/A AMETEK CHANDLER
ENGINEERING
    *Defendants.*

Civil Action No. 4:20-cv-1749

**JURY TRIAL DEMANDED**

**CONFIDENTIALITY AGREEMENT FOR EXPERT,
CONSULTANT OR EMPLOYEES OF ANY PARTY**

I, _____, under penalty of perjury, 28 U.S.C. § 1746, declare that:

1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

2.    I have been given a copy of and have read the Protective Order.

3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

4.      I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5.      I agree not to use any "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

6.      I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

7.      I understand that I am to retain all documents or materials designated as or containing "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any "Confidential Information" or "Highly Confidential Information- Outside Counsel Eyes Only" are to be returned to counsel who provided me with such documents and materials.

Signed at _____, _____, this ___, day of _____, 2020.

_____
Signature

**Exhibit B**

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

GRACE INSTRUMENT
INDUSTRIES, LLC,
    *Plaintiff,*

vs.

CHANDLER INSTRUMENTS
COMPANY, LLC D/B/A CHANDLER
ENGINEERING AND AMETEK, INC.
D/B/A AMETEK CHANDLER
ENGINEERING
    *Defendants.*

Civil Action No. 4:20-cv-1749

**JURY TRIAL DEMANDED**

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I, _____, under penalty of perjury, 28

U.S.C. § 1746, that:

    1.    Information, including documents and things, designated as "Confidential Information" or "Highly Confidential Information-Outside Counsel Eyes Only" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

    2.    I have been given a copy of and have read the Protective Order.

    3.    I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

    4.    I submit to the jurisdiction of the United States District Court for the Southern District of Texas for enforcement of the Protective Order.

5.      I agree not to use any Confidential Information or Highly Confidential Information-Outside Counsel Eyes Only disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

Signed at _____, _____, this ___, day of _____, 2020.


_____
Signature